UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUKHTIAR GUL DALIL,

Plaintiff,

v.

SHAHID ANWAR,

Defendants.

Case No. 2:25-cv-01067-TLN-CSK

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

(ECF No. 24)

Pending before the Court is Plaintiff Mukhtiar Gul Dalil's motion to compel Defendants Shahid Adwar, Shilajit Energy Drinks, Inc. and One Percent, Inc. to participate in a Federal Rule of Civil Procedure 26(f) conference.[1] (ECF No. 23.) On January 20, 2026, the parties filed their joint statement re discovery disagreement pursuant to Local Rule 251. (ECF No. 24.) On January 26, 2026, the Court submitted the motion upon the record and briefs and vacated the February 3, 2026 hearing pursuant to Local Rule 230(g). For the reasons that follow, the Court DENIES Plaintiff's motion to compel.

## I.   LEGAL STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Rule 26(f)(1) governs the timing of the discovery conference. It provides, in relevant part,

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Courts may permit early discovery prior to a Rule 26(f) conference, and in the absence of a stipulation, upon a showing of good cause. *See Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc*., 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017).

## II.   DISCUSSION

The parties in this action have not yet held a Rule 26(f) conference. Currently, there is a motion to dismiss pending before the assigned district judge. (ECF No. 10.) By way of this motion, Plaintiff is seeking to compel Defendants to participate in a Rule 26(f) conference in order to commence discovery and avoid a prejudicial delay. Jt. Stmt at 2-3, 6. Plaintiff argues that given the delay in the adjudication of the pending dispositive motion, Plaintiff believes Defendant Anwar "will continue to hide and diminish assets relating to the Shilajit Energy Drink business that rightfully belong to the Partnership" and has made efforts to "re-cast the business so that it does not fit into the parameters contemplated by the Partnership." *Id*. at 3-4. As such, Plaintiff is seeking to compel the Rule 26(f) conference to take place, arguing the commencement of discovery can take place at any time, including prior to the filing of an answer. *Id.* at 4. Defendants argue it is not proper to commence discovery when no scheduling conference has been ordered

by the Court. *Id*. at 8. Defendants contend that their pending dispositive motion will alter the claims, defenses, and jurisdiction. *Id*. at 8-9, 12. Defendants further argue that allowing early discovery prior to the pleadings being settled will impose undue prejudice on Defendants and be a waste of judicial resources. *Id*. at 9, 13.

The Court denies Plaintiff's motion to compel. Courts within the Ninth Circuit have declined to require participation in a Rule 26(f) conference where it is not "practicable" given the stage of the proceedings. *See Zavala v. Kruse-W., Inc*., 2019 WL 3219254, at *2-3 (E.D. Cal. July 17, 2019) (denying motion to compel Rule 26(f) conference in light of a pending motion to dismiss where good cause was not established and where it would not be "practicable" as pleadings had not been settled); *Vineyard Investigations v. E. & J. Gallo Winery*, 2020 WL 7342632, at *2 (E.D. Cal. Dec. 14, 2020) (same); *Yagman v. Garcetti*, 2020 WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020) (same); *Jones v. Micron Tech. Inc*., 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019) (same); *In re Morning Song Bird Food Litig*., 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (same). Here, the Court does not find good cause has been established to compel Defendants to participate in a Rule 26(f) conference. The district court has not ruled on the pending motion to dismiss and no Rule 26(f) conference has occurred. Therefore, discovery has not yet begun. Accordingly, Plaintiff's motion to compel Defendants to participate in a Rule 26(f) conference is DENIED.

**III.   CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 23) is DENIED.

Dated:  March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, dali1067.25